# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
**No. 20-873V**
Filed: September 24, 2025

|  |  |
|---|---|
| ELAINE MONTANA, <br><br>          Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>          Respondent. | Special Master Horner |

*Ronald Craig Homer,* Conway, Homer, P.C., Boston, MA, for petitioner.
*Alexis B. Babcock,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 17, 2020, Elaine Montana filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table shoulder injury related to vaccine administration ("SIRVA") as result of a flu vaccine received on November 21, 2017. Petition at 1. On September 13, 2024, Respondent filed a proffer, which I adopted as my decision awarding compensation on the same day. (ECF No. 72.)

On March 5, 2025, petitioner filed a motion for attorneys' fees and costs. (ECF No. 78.) ("Fees App."). Petitioner requests attorneys' fees in the amount of $75,336.70 and attorneys' costs in the amount of $1,676.88. Fees App. at 1-2. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

this litigation. (ECF No. 79). Thus, the total amount requested is $77,013.58. On March 6, 2025, respondent filed a response to petitioner's motion. (ECF No. 80.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the

reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the following rates of compensation for her attorneys at Conway Homer: for Mr. Ronald Homer, $447.00 per hour for work performed in 2020 and 2021, $475.00 per hour for work performed in 2022, $500.00 per hour for work performed in 2023, and $525.00 per hour for work performed in 2024 and 2025[3]; for Ms. Christina Ciampolilo, $380.00 per hour for work performed in 2020 and 2021, $425.00 per hour for work performed in 2022, and $470.00 per hour for work performed in 2023; for Mr. Joseph Pepper, $355.00 per hour for work performed in 2021, $455.00 per hour for work performed in 2023, and $485.00 per hour for work performed in 2024; For Ms. Lauren Faga, $330.00 per hour for work performed in 2021, $385.00 per hour for work performed in 2022, $425.00 per hour for work performed in 2023, and $485.00 per hour for work performed in 2024; for Ms. Meredith Daniels, $294.00 per hour for work performed in 2018, $320.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2021, $410.00 per hour for work performed in 2022, and $455.00 per hour for work performed in 2023; for Mr. Nathaniel Enos, $205.00 per hour for work performed in 2019, $230.00 per hour for work performed in 2020 and 2021, $280.00 per hour for work performed in 2022, $320.00 per hour for work performed in 2023, and $360.00 per hour for work performed in 2024; and for Mr. Patrick Kelly, $225.00 per hour for work performed in 2020 and 2021, $250.00 per hour for work performed in 2022, $305.00 per hour for work performed in 2023, and $345.00 per hour for work performed in 2024. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26.

---

[3] When petitioner filed her Motion for Attorneys' fees and costs, the Court had not yet published the OSM Attorneys' Forum Hour Rate Fee Schedule for 2025. Petitioner explained that time expended in this case by Conway Homer, PC during 2025, was billed at the established 2024 hourly rates, and that once the Court published its guidance, 2025 hourly rates for Conway Homer, PC would be reflected in future fee applications. Fees App. at 1, n. 2.

After reviewing the billing records, I find that the entries contained duplicative billing due to attorneys and paralegals attending the same case meetings and a duplicate review of attorney work.[4] This firm has seen fee reductions in prior cases for similar duplicative entries. *See Harris v. Sec'y of Health & Human Servs.*, No. 18-944V, 2024 WL 4043705 (Fed. Cl. Spec. Mstr. June 28, 2024); *Cooper v. Sec'y of Health & Human Servs.*, No. 18-1885V, 2021 WL 1603672 (Fed. Cl. Spec. Mstr. Mar. 29, 2021); *McGuinness v. Sec'y of Health & Human Servs.*, No. 17-954V, 2020 WL 4814260 (Fed. Cl. Spec. Mstr. July 24, 2020). Because different attorneys appeared to act in a lead capacity at various stages of this case, I will reduce the case meeting entries by adding the total billed, then applying a 50% reduction. These duplicative billing entries result in a reduction of **$2,182.50**.

Next, petitioner's counsel billed for time performing tasks that are traditionally handled by paralegals. It has been consistently held in the Vaccine Program that tasks that can be completed by a paralegal or legal assistant should not be billed at an attorney's rate. *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. Jun. 15, 2009). In this case, Mr. Enos billed approximately 18.4 hours for summarizing medical records. For example, on August 31, 2020, Mr. Enos billed 2.2 hours to "Summarize new/updated medical records/exhibits 28-29; transmit pertinent medical appointments/information and testing in chronological med record summary; take notes to confirm f/u visits and testing included as ordered; notes taken regarding potentially missing records for follow up. Memo to SG re summary complete." Fees App. Tab A at 35. In my experience, these tasks are typically performed by paralegals. In fact, prior to May 2020, this exact task had been performed by a paralegal. *See, e.g.,* Fees App. Tab A at 11. Mr. Enos billed a total of twelve (nearly identical) entries for medical record summaries.[5] Applying the paralegal rates to the respective years billed, this time will be awarded at the following rates: 2.7 hours at $155.00 per hour for work performed in 2020, 12.3 hours at $155.00 per hour for work performed in 2021, 0.6 hours at $185.00 per hour for work performed in 2023, and 2.8

---

[4] There were more than 30 instances where Conway Homer staff billed for attending case meetings, including on February 12, 2019, May 2, 2019, September 17, 2019, October 30, 201, December 5, 2019, January 10, 2020, February 5, 2020, March 18, 2020, April 30, 2020, May 20, 2020, June 3, 2020, June 11, 2020, July 22, 2020, September 3, 2020, November 23, 2020, January 14, 2021, February 26, 2021, April 7, 2021, May 20, 2021, August 11, 2021, October 20, 2021, December 16, 2021, February 3, 2022, March 3, 2022, March 10, 2022, July 28, 2022, November 17, 2022, December 27, 2022, November 2, 2023, March 7, 2024, and August 27, 2024. Fees App. Tab A at 8, 9, 13, 15, 16, 19, 20, 23, 25, 27, 28, 29, 31, 32, 35, 36, 40, 42, 45, 46, 48-52 54, 57, 58, 64, 69, 70, 71, 73.

There were also multiple instances of duplicative review/edits of attorney work, including on April 20, 2021 May 20, 2021, July 19, 2021, August 18, 2021, September 17, 2021, October 22, 2021, November 22, 2021, March 3, 2022, April 4, 2022, May 5, 2022, May 5, 2022, June 3, 2022, September 28, 2022, October 28, 2022, November 28, 2022, February 8, 2023, November 16, 2023, January 2, 2024, April 1, 2024, May 1, 2024, September 16, 2024, September 18, 2024. Fees App. Tab A at 44-47, 49-53, 55-57, 60, 65, 67, 69, 70, 72.

[5] These entries were billed on May 21, 2020, August 31, 2020, March 1, 2021, March 15, 2021, March 16, 2021, March 17, 2021, March 18, 2021, April 16, 2021, May 10, 2021, April 4, 2023, February 13, 2024, March 4, 2024. Fees App. at 27, 35, 40, 41, 43, 45, 61, 67, 68.

4

hours at $195.00 per hour for work performed in 2024. This results in a reduction of **$1,630.50**.

Finally, counsel billed approximately 10 hours for administrative tasks, which are not compensable under the Vaccine Program.[6] It is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program.  *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). *See, e.g.*, *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); *Paul v. Sec'y of Health & Human Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *see also Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989). This results in a reduction of **$1,468.00**.

Accordingly, counsel is entitled to an attorneys' fees award of $70,055.70.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,676.88 in attorneys' costs, including the acquisition of medical records, the Court's filing fee, postage, and copies. *See* Fees App. Tab A at 75-77; *see also* Tab B. These costs have been supported with the necessary documentation and are reasonable. Petitioner is therefore awarded the full amount of costs sought.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and her counsel as follows: **a lump sum in the amount of $71,732.58, representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

---

[6] For example, a non-exhaustive list of these entries includes: "prep prepaid FedEx label and send to client as email attachment, updated case file with tracking info" on April 16, 2020; "received EOBs from Medicare Part B, organized and saved copies to case file" on April 20, 2020; "prep petition for compensation and brief review to ensure compliance; filed electronically; copy saved to case file; service copy sent to HHS." on July 17, 2020; "Draft NOF for Exhibits 30-38, final review of exhibits for any pagination errors and confirm file size appropriate for ECF filing, draft complete exhibit list, filed pleadings and exhibits electronically, updated case file with copies of pleadings." on May 12, 2021. *See* Fees App. Ex. A at 24, 31, 45. There were several other instances where Conway Homer staff billed for administrative tasks, including on August 2, 2019, April 16, 2020, April 20, 2020, May 4, 2020, May 8, 2020, July 17, 2020, July 17, 2020, July 24, 2020, July 27, 2020, July 27, 2020, September 3, 2020, February 16, 2021, February 26, 2021, April 29, 2021, May 12, 2021, April 10, 2023, April 10, 2023, February 16, 2024, March 5, 2024. *See id.* at 3, 7, 22, 23, 25, 26, 30, 39.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).